IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SANDRA KILEY, et al.      ) | |
|    Plaintiff,               ) | **CIVIL ACTION** |
|                            ) | CASE NO. |
| v.                        ) | |
|                            ) | **JURY DEMAND** |
| JORGE J. LENSE, MD,    ) | |
| MICHAEL LITREL, MD,    ) | |
| CHEROKEE WOMEN'S HEALTH  ) | |
| SPECIALIST, P.C., et al.      ) | |
|    Defendants.               ) | |

**COMPLAINT FOR MEDICAL MALPRACTICE
AND DEMAND FOR JURY TRIAL**

COMES NOW, by and through her attorneys of record, the above-named Plaintiff, Sandra Kiley (hereinafter Plaintiff Kiley) and files this Complaint for Medical Malpractice pursuant to O.C.G.A. 51-1-27 against Defendant Cherokee Women's Health Specialist, PC, Defendant Dr. Jorge J. Lense and Defendant Dr. Michael Litrel (hereinafter Defendant Doctors, Defendant Dr. Lense, and Defendant Dr. Litrel).

**I. JURISDICTION AND VENUE**

1. Jurisdiction and venue are appropriates because the events complained of herein occurred within Cherokee County, Northern District of Georgia. The Defendant Jorge J. Lense is a resident of the State of Florida. The Defendant Michael Litrel is a resident of the state of Georgia. The

Defendant Cherokee Women's Health Specialist P.C. is a Medical facility providing medical treatment to private patients in Cherokee County in the state of Georgia. The Defendant Doctors were employees or contract employees of Defendant Cherokee Women's Health Specialist P.C.

2. This Court has jurisdiction over this action pursuant to 1332 of Title 28 of the United States Code because there is complete diversity of citizenship between the Plaintiff and Defendants and because the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

3. As this action commences, Dr. Jorge Lense is a resident of Florida. Plaintiff Michael Litrel is a resident of the State of Georgia. Defendant Cherokee Women's Health Specialist P.C.is an entity incorporated in and providing medical services in the State of Georgia.

## II. PARTIES

4. Plaintiff Sandra Kiley is a 43 year old married Female. She is a resident of Cobb County Georgia.

5. Defendant Jorge J. Lense M.D. is a physician specializing in the field of Gynecology.  He has conducted medical studies and written papers on the treatment of Bartholin Cysts. He is presently working in Florida in a medical teaching hospital as a resident director.  He also practices and

sees patients at Turley Maternal Health Care in Florida. Doctor Lense left Georgia in approximately October 2012. Because Dr. Lense has moved out of the State of Georgia, he may be personally served with a summons and copy of this complaint at Turley Maternal Health Care, 807 North Myrtle Avenue, Clearwater, Florida 33755.

6. Defendant Dr. Michael Litrel M.D. is a physician who specializes in the field of Gynecology. He is the lead Doctor at Cherokee Women's Health Specialist P.C. He saw the Plaintiff Kiley on only one occasion, immediately after Defendant Dr. Lense left the practice of Cherokee Women's Medical Center. He may be personally served with a summons and copy of this complaint at Cherokee Women's Health Specialist P.C. located at 216 Riverstone Drive, Canton, Georgia 30114.

7. Defendant, Cherokee Women's Health Specialist, PC. is a registered corporation in the State of Georgia. The corporation is registered to do business in the State of Georgia and can be served via the registered agent Christopher Litrel at 216 Riverstone Drive, Canton, Georgia 30114.

8. Defendants, Dr. Lense and Dr. Litrel were individually employed by Cherokee Women's Health Specialist, P.C. to perform medical services

on patients that come to that center for Treatment. Pursuant to the terms of their employment, each Doctor performs gynecological services.

### III. FACTUAL BACKGROUND

9. Plaintiff Kiley files this Complaint for Medical Malpractice which includes the signed, notarized affidavit of Lennox Hoyte M.D., pursuant to O.C.G.A. 9-11-9.1.  The Statute of Limitations will expire on 6/29/2014 for Defendant Jorge Lense.  Dr. Lense performed the surgery that injured Plaintiff Sandra Kiley on 6/29/2012.

10.  The Statute of Limitations for Defendant Dr. Michael Litrel will expire 2 years from the date he misdiagnosed or failed to treat Plaintiff Sandra Kiley for the serious fistula that had developed on 11/1/2012.

11.  The Statute of Limitations expires for Defendant Cherokee Women's Health Specialist, PC. on 11/1/2014. This is two years from the last day Plaintiff Kiley was treated by Defendant Dr. Litrel at Cherokee Women's Health Specialist, PC.

12.  On October 31st, 2011 Plaintiff Kiley woke up in extreme pain. Plaintiff Kiley attempted to contact her regular gynecologist who was not in the country. She looked for referrals and found Defendant Cherokee

Women's Health Specialist PC. She called for an appointment and was seen the same day by Defendant Dr. Lense.

13. Plaintiff Kiley was examined by Defendant Dr. Lense. Defendant Dr. Lense diagnosed her as having a Bartholin Cyst. However, he did not offer treatment to Plaintiff Kiley. He sent her home with antibiotics and told her to wait for the cyst to break on its own. Plaintiff Kiley returned for office visits with Defendant Dr. Lense on the following dates:

    10-31-2011, 11-14-2011, 11-28-2011.1-19-2012,02-01-2012,02-13-

    2012,02-23-2013,3-29-2012,6-27-2012,7-12-2012,8-09-2012.

14. Plaintiff Kiley underwent surgery via bartholin cyst incision on 6-29-2012 performed by the Defendant Dr. Lense.

15. Plaintiff Kiley was seen by Defendant Dr. Litrel on 11-1-2012.

**IV. CAUSES OF ACTION UNDER GEORGIA STATE LAW**

### COUNT I.
### PROFESSIONAL NEGLIGENCE

16. Plaintiffs bring this medical malpractice case under O.C.G.A. 51-1-27 which provides, "A person professing to practice surgery or the administering of medicine for compensation must bring to the exercise of his profession a reasonable degree of care and skill. Any injury resulting

from a want of such care and skill shall be a tort for which a recovery may be had."

17. At all times Defendant Dr. Lense and Defendant Dr. Litrel were registered physicians, licensed to practice in the State of Georgia.

18. At all times Defendant Cherokee Women's Health Specialist, PC. was a licensed Health Care facility in the state of Georgia, Cherokee County, whose primary function is to provide Medical treatment to private patients.

19. Both Defendant Doctors failed to diagnose and treat Plaintiff Kiley in a manner commensurate with the standards of practice for the medical profession in the state Georgia. Defendants have violated the standard of medical care that is expected to be provided to medical patients in the state of Georgia by their treatment of Plaintiff Kiley.

20. Defendant Doctors violated three standards of medical care: 1) The Defendants failed to deliver the standard of care expected in preoperative evaluation and preparation of surgical patients. The Defendants failed to do simple diagnostic tests such as performing a rectal exam, obtaining MRI's or CT evaluations based upon Plaintiff Kiley's continued complaints. The Defendant Doctors deviated from the expected Standard

of Care, causing Plaintiff Kiley to be placed at increased risk of rectovaginal fistula.  2) The Defendants failed to give the appropriate postoperative treatment after the Bartholin cyst excision, causing a breach of the standard of care, in that neither doctor took Sandra Kiley's complaints seriously enough to follow up with a rectal exam or colorectal referral. This failure led to the development and/or progression of her rectovaginal fistula causing serious harm to Sandra Kiley.  3) The Defendants, Dr. Jorge Lense and Dr. Michael Litrel failed to properly treat, evaluate, and diagnose Sandra Kiley, thereby breaching the standard of care expected in the field of gynecology.

21. Plaintiff Kiley did not select either Dr. Litrel or Dr. Lense as her Doctors. Plaintiff Kiley selected Cherokee Women's Health Specialist PC. and doctors were assigned to care for Plaintiff Kiley by Cherokee Women's Health Specialist PC.

22. Defendant's acts and omissions directly caused serious injury to Plaintiff Kiley. Plaintiff Kiley is therefore entitled to recover damages from Defendants under O.C.G.A. 51-1-9.

23. The Defendants, Dr. Lense and Dr. Litrel failed to perform standard diagnostic evaluations such as rectal examinations in evaluating

Plaintiff Kiley.  The Defendants' failure to thoroughly evaluate Plaintiffs Kiley's complaints, combined with their neglecting to use standard diagnostic tools, such as performing rectal examinations, performing MRIs and CT scans and neglecting to refer her to a colorectal specialist caused a delay in the diagnosis and treatment of her perineal abscess.

24.  Dr. Litrel allowed the cyst to grow for eight months without providing adequate diagnostics or referring Plaintiff Kiley to a colorectal specialist.

25.  Defendant Lense performed surgery to remove the cyst from the vaginal cavity without performing a rectal examination, obtaining an MRI or CT scan, or referring Plaintiff Kiley to a colorectal specialist.

26.  Defendants' acts and omissions resulted in a delay of proper treatment being provided to Plaintiff Kiley. The delay in treatment, combined with the inadequate treatment, and incorrect treatment provided by Defendant Doctors resulted in the development of a hole between Plaintiff Kileys' colon and vagina, allowing fecal matter to leak into her vagina.

27. As a result of Defendants' acts and omissions, as well as their affirmative misdiagnosis and mistreatment, Plaintiff Kiley is facing the prospect of being required to use a colostomy bag for the rest of her life.

**V. IMPUTED LIABILITY OF CHEROKEE WOMEN'S HEALTH SPECIALIST, PC**

28. At the time of the negligent acts and omissions described above, Dr. Jorge Lense and Dr. Litrel were the actual or apparent agents, servants, and employees of Defendant, Cherokee Women's Health Specialist P.C. within the course and scope of their employment. The injuries and damages inflicted on Plaintiff Kiley by Defendants resulted from the breach of duty of care by Defendant Doctors as employees of. Cherokee Women's Health Specialist P.C.

29. Cherokee Women's Health Specialist PC. is vicariously liable for the acts and omissions of Defendants Dr. Lense and Dr. Litrel and the resulting injuries and damages sustained by Plaintiff. Plaintiff is entitled to recover damages from Defendant.

**VI. JOINT ENTERPRISE**

30. At the time of the negligent acts and omissions by Defendants and the resultant injuries and damages suffered by Plaintiff, the Defendants had

combined their property and labor in a joint undertaking for the provisions of medical services and care, and treatment for a fee. Each had care and control over the treatment of the patient.

31. By virtue of the foregoing, Defendants are liable to the Plaintiff for money damages as set out below.

**VII. GROSS NEGLIGENCE, WILLFUL, AND WANTON MISCONDUCT**

32. Defendant's actions constitute willful and wanton misconduct which justifies Plaintiffs' request for punitive damages, lost wages, pain and suffering, medical bills, and compensatory damages, loss of consortium, loss of future earnings, present and future medical bills and damages.

33. Defendants acted with gross negligence and breached the duty of care required of doctors in the State of Georgia. The doctors and the staff acted with gross negligence by failing to properly treat the Plaintiff Kiley and by allowing an infection to become a chronic problem.

34. The actions of both physicians were reckless. Neither doctor took seriously the statements and complaints made by Plaintiff Kiley. Had either physician paid attention to Plaintiff Kiley' complaints, they would have recognized that she needed to be treated by a colorectal specialist.

35. If either doctor had recognized the significance of the symptoms in the pathology reports, the infection could have been addressed with the appropriate treatment.

36. Defendant's actions rise to a level of conscious indifference and reckless disregard for human life, justifying punitive damages. These breaches of care rise to the level of gross negligence.

37. The Plaintiff reserves the right to amend this Petition as more information is received.

## VIII. PRAYERS FOR RELIEF

**WHEREFORE, Plaintiff** Kiley prays for the following:

(a) That service and process be had upon each of the named Defendants;

(b) That judgment be entered against Defendants in the amount of $6 million with all costs to be taxed against the Defendants;

(c) A finding of conscious disregard and gross negligence justifying punitive damages in the amount of $1,000,000;

(d) All other relief as the Court deems appropriate.

This 27th day of June 2014.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

**VII. CERTIFICATE OF TYPE STYLE**

This document was prepared using Times New Roman 14 point font. Respectfully submitted, this 27th Day of June, 2014.

| | |
|---|---|
| /s/ Rhonda Breaux Kunkle | /s/Che A. Karega II |
| Rhonda Breaux Kunkle | Che A. Karega II |
| State Bar No. 078970 | Georgia Bar No. 142147 |
| Counsel for Plaintiff | Counsel for Plaintiff |
| 166 Anderson St., Suite 224 | 166 Anderson St., Suite 225 |
| Marietta, GA 30060 | Marietta, GA 30060 |
| Phone: (770) 424-6118 | Phone: (404)798-0936 |
| Email: kunklelaw@yahoo.com | Email: ckarega@yahoo.com |